IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODNEY RUSHING, <br> TDCJ #627790, <br>     Plaintiff, <br><br> v. <br><br> HOUSTON POLICE DEPARTMENT, <br> ET AL., <br><br>     Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. H-06-3449 |

# MEMORANDUM AND ORDER

State inmate Rodney Rushing (TDCJ #627790), who proceeds *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983, alleging that police officers used excessive force against him during the course of an arrest. At the Court's request, Rushing has supplemented his complaint with a more definite statement of his claims. (Docket Entry Nos. 8, 9, 11). After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, and the applicable law, the Court concludes that this case must be **dismissed** for reasons that follow.

## I.    BACKGROUND

Rushing is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"), at the Polunsky Unit in Livingston. He sues the City of Houston Police Department and two officers who effected his arrest on August 30, 2006: Officer Duncan and Officer Pierce. Rushing claims that the officers used excessive force against him during the course of that arrest. As a result of his altercation

with the officers, Rushing sustained an unspecified injury to his back. He spent approximately eight hours at the hospital following his arrest, where he was fitted with a "neck brace."

Rushing explains that he was approached by Officer Duncan and Officer Pierce on August 30, 2006, while standing at a convenience store with two unidentified females. Rushing was unable to provide the officers with identification. After the officers "ran" his name in the computer, they attempted to place him under arrest but would not explain why. Rushing claims that the officers used "racial slurs" during the arrest and so he started to run because he feared for his life. The officers gave chase, firing a "taser" at Rushing three or four times. Rushing claims further that one of the officers kicked him in the back and head while attempting to restrain him during the arrest, causing his injury.

Rushing insists that the amount of force used was excessive to the need. Rushing seeks compensatory damages in the amount of $10,000.00 and reimbursement for his "medical bills." Rushing also requests criminal charges against the officers. The Court concludes, however, that the complaint must be dismissed for reasons discussed below under the applicable standard of review.

## II.   STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole

2

or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

In conducting the foregoing analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983). "A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id.* (citations omitted).

### III.   DISCUSSION

#### A.   Rushing's Request for Criminal Prosecution

Rushing asks the Court to order a criminal investigation and prosecution concerning his allegation that the officers used excessive force against him. There is, however, no constitutional right to have someone criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Likewise, there is no constitutional right to have someone investigated. The decision to charge an individual with criminal violations is solely within the discretion of the district attorney. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (private citizen has no standing to have lawyer disciplined or criminally charged); *Satler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (neither member of public at large nor victim has right to have another criminally prosecuted). The relief sought is, therefore, not available. More importantly, Rushing's excessive-force claim fails for other reasons.

### B.     Excessive-Force Claims

Rushing seeks monetary damages for alleged violations of his civil rights stemming from his arrest, which he claims was effected with excessive force, and subsequent incarceration. Rushing concedes in his more definite statement that he was charged with assault on a public servant during his altercation with the defendants. Rushing claims that he faced a life sentence as a result of prior felony convictions, which reportedly made him eligible for punishment as a habitual offender. Rushing reports that he has several prior felony convictions, including one for possession of cocaine which resulted in a thirty-year prison sentence (cause number 575158) and another for burglary of a building with intent to commit theft in which he served fifteen months in a state jail facility (cause number 778149). Rushing admits further that he was on parole at the time of his altercation with the defendants. Rushing concedes that, in hopes of avoiding a lengthy sentence, he pled guilty to assaulting a public servant in exchange for a term of three years in prison and that the conviction has not been challenged on appeal.

Because Rushing's allegations concern the use of force during an arrest, which resulted in his conviction for assaulting a peace officer, his civil rights claim is subject to the so-called "favorable termination rule" found in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Sappington v. Bartee*, 195 F.3d 234, 235 (5th Cir. 1999). This rule provides that, to recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct

5

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87. A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

Rushing admits that his conviction for assault on a public servant has not been challenged on direct appeal and he does not otherwise show that it has been overturned or set aside. Because Rushing was convicted of assault on a peace officer or public servant in connection with his arrest, his allegations of excessive force would, if true, necessarily implicate the validity of his conviction. The Fifth Circuit has repeatedly held that civil rights claims of this nature are barred by *Heck*. *See, e.g., Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.) (noting that "an excessive force claim under section 1983 is barred as a matter of law [by *Heck*] if brought by an individual convicted of aggravated assault related to the same events"), *cert. denied*, 531 U.S. 959 (2000); *Sappington v. Bartee*, 195 F.3d 234, 237 (5th Cir. 1999) (holding as a matter of law that the amount of force used cannot, under *Heck*, be deemed excessive where the plaintiff has been convicted of assaulting an officer under Texas law); *Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir. 1996) (holding that allegations of excessive force and false arrest are not cognizable under the doctrine in *Heck* if a successful

civil rights claim would call into question the validity of the plaintiff's conviction). Accordingly, Rushing's claims are not cognizable under 42 U.S.C. § 1983 at this time, and his complaint must be dismissed with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on March 6, 2007.

KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE